T.C. Memo. 2003-132


UNITED STATES TAX COURT


FREDERICK W. AND CANDACE J. TILEY, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 1402-02.                    Filed May 8, 2003.


Frederick W. and Candace J. Tiley, pro sese.

<u>Kelley Blaine</u> and <u>Robert V. Boeshaar</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION


COHEN, <u>Judge</u>:  Respondent determined a deficiency of $6,409 in petitioners' Federal income tax for 1998 and a penalty of $1,281.80 under section 6662(a).  Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue.  The issue for decision is whether petitioners are liable for the accuracy-related penalty.

## FINDINGS OF FACT

Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. Petitioners resided in Salem, Oregon, at the time that they filed the petition in this case.

In 1978, petitioner Frederick W. Tiley (petitioner) married Kathleen Ann Tiley (Ms. Tiley). In 1991, petitioner and Ms. Tiley filed a Stipulated Judgment of Dissolution of Marriage in the Circuit Court of the State of Oregon for the County of Polk. On August 27, 1998, petitioner and Ms. Tiley entered into a settlement agreement set forth on the record in a transcript of proceedings in the Circuit Court of the State of Oregon for the County of Polk. As stated in the record, among other things:

> It is the stipulation of the parties that Dr. Tiley will pay by cashier's check the sum of $80,000 on or before September 28th, 1998, to [Ms.] Tiley. On condition--by the way, that payment would all be classified as payment for attorney's fees, both present and past, and back child support. None of the $80,000 would be classified as payment of any back spousal support and both parties have agreed that Dr. Tiley will not attempt to deduct any portion of that $80,000 payment as spousal support and that [Ms.] Tiley would not be required to recognize it as taxable income.

Petitioner was present at the time that the settlement agreement was stated in the record, as shown by the following excerpt from the transcript:

THE [State] COURT:  All right.  So you're in agreement with the stipulation as recited by Mr. Hemann [Ms. Tiley's counsel]?

MR. WHEELER [petitioner's counsel]:  Is that correct, Doctor?

DR. FREDERICK TILEY:  Yes.

THE COURT:  I was going to ask you, Dr. Tiley. For the record you are in agreement with it as well?

DR. FREDERICK TILEY:  Yes.

On October 7, 1998, and November 25, 1998, petitioner wrote checks to Ms. Tiley in the amounts of $23,004 and $57,000, respectively.

On their 1998 Form 1040, U.S. Individual Income Tax Return, petitioners deducted $38,500 as alimony paid to Ms. Tiley.

OPINION

In the petition in this case, petitioner alleged that $38,500 of the $80,000 in payments made to Ms. Tiley in 1998 was for "deductible spousal support."  Petitioner did not concede the deficiency until the time of trial, although his claim was clearly contrary to the settlement agreement that he entered into in 1998.  Petitioner, however, contends that he should not be liable for the accuracy-related penalty because he did not remember the settlement agreement entered into the record of the State court.  He asserts that, at the time of the settlement, approximately $38,000 was owed to Ms. Tiley as spousal support.

Section 215(a) allows a deduction for alimony paid during a taxable year. "Alimony" is defined in section 71(b) as a payment if "the divorce or separation instrument does not designate such payment as a payment which is not includible in gross income under this section and not allowable as a deduction under section 215". The settlement entered into by petitioner with his former wife expressly stated that the payments agreed to would not be income to Ms. Tiley and would not be deductible by petitioner. Thus, the amount paid by petitioner to Ms. Tiley during 1998 clearly was not alimony deductible by petitioner.

Section 6662 imposes a penalty in an amount equal to 20 percent of the portion of an underpayment attributable, among other things, to negligence or disregard of rules or regulations. "'[N]egligence' includes any failure to make a reasonable attempt to comply with the provisions of * * * [Title 26], and the term 'disregard' includes any careless, reckless, or intentional disregard." Sec. 6662(c).

This case clearly justifies the penalty. Petitioner expressly agreed in open court, in response to questions from his counsel and from the court, that the amounts that he paid to Ms. Tiley would not be deductible alimony. He ignored that agreement and, instead, seeks to justify his deduction on the basis of his preexisting liabilities that were reduced and liquidated in the settlement. Even if we were to accept

petitioner's questionable assertion that he does not recall the agreement, it was incumbent upon him, as a reasonable person, to refer to the settlement agreement before deducting as alimony the payments that he made.

<u>Decision will be entered for respondent</u>.